Cause NO. 11CR 3162-83-1 WR-84,150-01

84,150-01

EX PARTE:

LETHANIEL LEE MCCARTER

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 23 2015

Abel Acosta, Clerk

COURT OF CRIMINAL
APPEALS OF TEXAS

RESPONSE IN OPPOSITION
TO THE STATE'S PROPOSED
FINDINGS OF FACTS & CONCLUSION
OF LAW

Applicant will show the Honorable court the Following Facts in support of this reply brief;

I.

Applicant objects to trial Counsel's response For not objecting to state's misapplication of the law of Parties in closing argument and asserts that trial Counsel still has Failed to address Applicant's claim that the state misapplied the law of Parties to the case. EX Parte Welborn, 785 S.W. 2d 391-393 states." Trial counsel must have a Firm command of the... governing law before [ the lawyer] can render reasonable

( PG. 1 continue on next PG.)

effective assistance. "Trial counsel states in his affidavit that, "In the statement, the state say: there is no intent to act together. Which I understood to mean the state felt the law of Parties was not appropriate in this case." Applicant asserts that this omission by trial counsel shows the Honorable court that — trial counsel could not have been possibly Paying attention to the state's closing argument because the state in short told the Jury that " even if they believed that Applicant was — chasing after the robber then he was still guilty under the law of Parties because he was in Possession of Ms. Martin Property". The state — went right into the Jury charge explaining the law of Parties and at the end of explaining it — told the Jury." And by his story, he just see this guy out of no where, run after him, and then he Participates in this by depriving Ms. Martin of her cell, her make up case, her cash and cell Phone. So he's guilty any way you slice it.

PG.1 continue on next PG.

PG. 1 continue
↓

" (vol. 5, PG. 122-123). And Just before the Jury went in to delibarate the state told the Jury, " we — dont have to Prove everything that happened that night. We Just have to Prove that he did it or he was a Party to it." (vol. 5, PG. 128). so trial Counsel's response that he believed the state felt the law of Parties was not appropirate in this case is absurd and without merit — because the state absolutely felt that the law of Parties was appropriate to the case, because they continued to strees it, and this is because they misapplied the law of Parties to the case.— which tainted the Jury's decision making....

TX. C.C.P. art. 3814 ("Law of Parties") Provides that " one is not a Party to an offense after the commission of the offense. You must first look at the circumstances occuring before,— durning and after the commission of the offense.

PG. 1 continue on next PG.

PG. 1 continue ↓.

Applicant contends that the laugauge used in the statute is unambigous and clear. It shows that the state misapplied the law of Parties to the case, because if the Jury believed that Applicant was chasing after the robber then there is no Possible way that "Applicant" could have been a Party to the robbery. Evidence must show that at the time of the offense the Parties were acting together, each contributing some Part towards the execution of their common Purpose. See TX. C.C.P. art. 38|4

The state did not Prove that Applicant and — the robber had a common Purpose. Because — trial counsel allowed the state to mislead the Jury by misappling the law of Parties in the Jury charge, Applicant was egregiously harmed by trial counsel's "belief," that the statements were not improper nor did they violates any statute or contribute new facts harmful to the accussed" is Frivolous and without merit because

PG. 1 Continue on next P6.)

PG. 1 Continue ↓

The state's intersection into evidence that "Applicant ditched Ms Martin's purse" was highly presudicial because there was no evidence that Applicant was ever in possession of her purse. This intersection — stained the mind of the Sury to believing Applicant was in possession of the purse without any evidence to support it, for the foregoing reasons. I object to the trial counsel's Affidavit.

## II.

PG. 2 begins ↓

Applicant objects to trial counsel's response for "not objecting to the Sury charge and requesting a lesser included offense asserting that it was trial strategy". Applicant concedes with trial — counsel that it was his defense that Applicant had nothing to do with the Agg. Robbery, and it still his defense. However. the record does — not corroborate trial counsel's allegation that Applicant fully intended to give the items in his possession to the Police.

(PG. 2 continue on next PG.

It was not until after the officer ask did Applicant have anything in his Pockets, did Applicant give the items to the officer. This inference From the record supports the theory of Theft not Agg.— Robbery if the Jury believed the Applicant was— Chasing after the robber and Applicant Picked up the items the robber dropped when Applicant was Pursing him. Trial counsel's Presented no evidence to the Jury but a shirt wore by the Applicant. It would have been trial strategy to object to the Jury charge and ask For a lesser included offense of theft as a defense to the Agg. Robbery. Applicant clearly would have accepted being — guilty of Theft rather than trial counsel — Putting all his chips on the table only giving — the Jury the option to Find Applicant guilty or — not guilty of Agg. Robbery. Applicant asserts that Just because trial counsel says it was trial strategy to not object to the Jury charge does not mean that his decision was not erroneous

PG. 2 continue on next PG.

PG.2 continue
↳End

and egregiously harmful. For this reason, Applicant object to trial Counsel's Affidavit.

## III.

PG.3 begins

Applicant asserts that the trial counsel tries to mislead the Honorable court by stating that Applicant was identified at the scene by the Complaintant. This contradicts his own Corss-examinatioation of L.M. Stating. " 2 hrs of video. From the time that happened, there is nothing on those videos or on those tapes of you identifying anybody. ( vol.5, PG.33). Victim admitted that the incident happened so quickly she couldn't say she was a 100% sure Applicant was the suspect. Had it not been for trial counsel's deficient, Performance in failure to object to Applicant claims the trial proceedings would have been different.

PG.3 continue on next PG.

## IV.

It is not courts commission to invent strategic reasons or accept any strategy counsel could have followed without regard to what actually happened.

When Applicant show that counsel's actions actually resulted from inattention or neglect. rather than reasoned judgment, the Applicant has rebutted the presumption of strategy, see, marcum v. Luebber, 509 F.3d 489, 502. Ex Parte Reed, 271 S.W.3d 689 (T.C.A. 2008) States in Part: "We find it necessary to clergy and supplement the Finding [of the trial court] and the court characterizes itself as "the ultimate Fact-Finder" and trial Judge as the original Fact Finder....' we conduct an independant review of the record and that if the trial Judge's Findings are not supported by the record, we have the authority to make contrary or alternate Findings and Conclusions.

NEXt PG. PRAYER & CERTIFICATE OF SERVICE

attachment,

## PRAYER

Applicant prays that the Honorable court conduct its own fact findings and conclusion and reject trial court's finding and trial counsel's affidavit in, response to Applicants 11.07 writ of habeas— corpus, grant Applicant relief as so prayed for.

Respectfully submitted,

*Lethaniel Lee McCarter*

LETHANIEL LEE MCCARTER
T.O.C.J. # 1829226
3001 S. Emily Dr.
Beeville, TX. 78102

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this reply brief was mailed to the COURT OF CRIMINAL APPEALS OF TEXAS on the 17 day of Novermber 2015.

*Lethaniel Lee McCarter*

LETHANIEL LEE MCCARTER

NOV. 17, 2015

Dear District Clerk,

I request to you forward my reply brief to the COUR OF CRIMINAL APPEALS OF TEXAS so that it can be added to my 11.07 Writ of Habeas corpus caus no. 11CR3162-83-1 WR-84,150-01

Respectfully submitted,

Lethaniel Lee McCarter